# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| v. | ) | Case No: 17 C 8949 |
| | ) | |
| | ) | Judge Ronald A. Guzmán |
| David Lewisbey, | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

For the reasons stated below, Defendant's § 2255 motion [1] is denied, and the Court declines to issue a certificate of appealability. Civil case terminated.

## STATEMENT

**Background**

Defendant was charged in a third superseding indictment with one count of unlawfully dealing in firearms, two counts of unlawfully transporting firearms, and two counts of crossing state lines with the intent to engage in the unlicensed dealing of firearms. After a two-week jury trial, he was found guilty on all counts. The Court sentenced Defendant to 200 months' incarceration, and his conviction was affirmed on appeal. *United States v. Lewisbey*, 843 F.3d 653, 660 (7th Cir. 2016).

Currently before the Court is Defendant's motion for relief under 28 U.S.C. § 2255, which allows a federal prisoner to move to vacate his sentence or conviction on several grounds, including because "the sentence was imposed in violation of the Constitution or laws of the United States . . . or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Relief under this statute is available only in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice." *Martin v. United States*, No. 16 C 6405, 2017 WL 2805233, at *2 (N.D. Ill. June 28, 2017) (internal citations and quotation marks omitted). The Court liberally construes Defendant's pro se filings. *See Echols v. Craig*, 855 F.3d 807, 812 (7th Cir. 2017). Defendant contends that trial counsel was ineffective for:

> 1. Failing to hire an expert witness to opine on and rebut inferences to be made from photos of Defendant holding guns and money;
>
> 2. Failing to hire an expert to challenge Agent Raschke's qualifications and

rebut his opinions regarding the location of calls made from Defendant's cell phone;

3.    Failing to object to the jury's not having made a determination as to the quantity of firearms attributable to him at sentencing;

4.    Failing to challenge the government's motion seeking Defendant's cell phone records; and

5.    Failing to argue that Defendant's sentence was unreasonable and created unwarranted sentencing disparities.

Defendant further contends that the cumulative nature of trial counsel's ineffectiveness entitles him to relief, and that appellate counsel was ineffective for not consulting Defendant regarding the issues raised on appeal and propounding issues counsel knew to be frivolous.

## Analysis

A defendant seeking relief for purported ineffective assistance of counsel must demonstrate that counsel's performance was so deficient as to be objectively unreasonable under prevailing professional norms and that he suffered prejudice as a result of counsel's deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984).

Defendant's contention that counsel was ineffective for failing to hire an expert to rebut the government's position that the photos showing Defendant with guns and money constituted evidence of his guilt is unavailing. Defendant asserts that an expert could have testified that "the images the [government] contend[ed] were images of an illegal business . . . were nothing more than images available to any person who has [I]nstagram accounts" who was attempting to "highlight their post." (Def.'s Mem. & Br. Supp., Dkt. # 3, at 5-6.) Such an argument, however, does not require expert testimony and in all likelihood would have been inadmissible under Federal Rule of Evidence 702. Defendant testified that he was a gun collector who downloaded and kept photos of guns on his phone to facilitate his collecting (*United States v. Lewisbey*, 12 CR 354 (N.D. Ill.), Trial Tr., Dkt. # 296, at 970-71), and posted photos of himself with large amounts of cash (from selling marijuana) because he was "young and dumb" and was being "silly." (*Id*. at 979.) The Court can discern no basis on which expert testimony could or should have been offered with respect to the photographs. Accordingly, the failure to hire an expert with respect to inferences to be derived from the photographs was not objectively unreasonable under prevailing professional norms.

The same is true for Defendant's argument that counsel was deficient for not hiring an expert to rebut Agent Raschke's testimony that, based upon his analysis of Defendant's cell phone records, Defendant made cell phone calls at dates, times, and locations that were consistent with illegal gun transactions described by other witnesses. According to Defendant,

2

although he directed counsel to hire an expert to rebut Agent Raschke's testimony, counsel failed to do so.[1]  But Defendant's theory of the case was that he attended gun shows in Indiana and engaged in firearms transactions as a collector, not that he never engaged in firearms transactions.  Thus, expert testimony rebutting Agent Raschke's statements that the cell phone data was consistent with Defendant's having been involved in gun purchases would not necessarily have supported Defendant's theory of the case.  Defendant also states that counsel should have challenged Agent Raschke's qualifications, but fails to provide any valid basis for this argument.  Agent Raschke testified that he had received approximately 500 hours of training in cellular analysis, cellular network operations and infrastructure, and historical cell-site analysis.  (*Id.*, Dkt. # 293, at 466.)  He further testified that he has been asked to perform cell-site analysis "hundreds of times," and teaches law enforcement officials and other individuals how to analyze cell phone data.  (*Id.*)  Defendant points to no basis on which a challenge to Agent Raschke's qualifications would have been successful.  Thus, this basis for relief is also rejected.

Defendant next contends that counsel was ineffective for not challenging the Court's role in determining enhancements to his sentence under the lesser preponderance-of-the-evidence standard of proof, rather than presenting the issues to a jury for a determination pursuant to the more stringent beyond-a-reasonable-doubt standard.  As noted by the Seventh Circuit in rejecting this exact argument: "We have repeatedly held . . . that sentencing enhancements need not be found by a jury beyond a reasonable doubt because they no longer alter the statutory maximum." *United States v. White*, 472 F.3d 458, 464 (7th Cir. 2006).  Thus, counsel's failure to make the arguments does not amount to constitutionally deficient performance.

Fourth, Defendant asserts that counsel was ineffective for failing to challenge the government's obtaining historical cell-site location information ("CSLI") for Defendant's mobile phone.  The government obtained Defendant's data pursuant to a motion under the Stored Communications Act, which allowed the government access to such information either through a probable-cause warrant or through a court order based on the government having set forth "specific and articulable facts showing that there are reasonable grounds to believe that . . . the records . . . are relevant and material to an ongoing criminal investigation."  18 U.S.C. § 2703(d).  In this case, the government pursued the latter route and did not obtain a search warrant supported by probable cause.  Recently, however, the Supreme Court concluded that because the acquisition of historical CSLI constitutes a search under the Fourth Amendment, access to such information requires a showing of probable cause.  *Carpenter v. United States*, 138 S. Ct. 2206, 2217 (2018) ("[W]e hold that an individual maintains a legitimate expectation of privacy in the record of his physical movements as captured through CSLI.").  The *Carpenter* court stated that it "need not decide whether there is a limited period for which the Government may obtain an individual's historical CSLI free from Fourth Amendment scrutiny, and if so, how long that period might be," and concluded that "[i]t is sufficient for our purposes today to hold that

---

[1]  Counsel filed a pretrial motion seeking to exclude Agent Raschke's testimony on the ground it was based on a flawed methodology and insufficient facts and data, which the Court denied.  (*United States v. Lewisbey*, 12 CR 354 (N.D. Ill.), 9/6/13 Order, Dkt. # 158.)

accessing seven days of CSLI constitutes a Fourth Amendment search." *Id*. n.8.

Assuming *arguendo* that the Sixth Amendment required counsel to file a motion to suppress the CSLI on the ground that the government did not obtain a probable-cause warrant, Defendant has failed to demonstrate that a such motion would have resulted in the exclusion of the CSLI evidence. As the Fourth Circuit recently concluded:

> The exclusionary rule's "sole purpose . . . is to deter future Fourth Amendment violations." Thus, when investigators "act with an objectively 'reasonable good-faith belief' that their conduct is lawful," the exclusionary rule will not apply. Objectively reasonable good faith includes "searches conducted in reasonable reliance on subsequently invalidated statutes." [Defendant] does not, and cannot, deny that investigators in this case reasonably relied on court orders and the Stored Communications Act in obtaining the cell site records. Without question, then, the good-faith exception to the exclusionary rule applies to investigators' actions here.

*United States v. Chavez*, 894 F.3d 593, 608 (4th Cir. 2018). The same reasoning applies in the instant case. Although the Seventh Circuit had not ruled on the Fourth Amendment issue when the government obtained the CSLI in this case, as recently as last year, several other appellate courts and courts in this district had concluded that an individual did not have a right of privacy in CSLI. *See United States v. Rosario*, No. 15 CR 611, 2017 WL 2117534, at *2 (N.D. Ill. May 16, 2017) (noting that while "[t]he Seventh Circuit has not addressed whether the Government's acquisition of CSLI from a third-party service provider violates a reasonable expectation of privacy so as to constitute a search under the Fourth Amendment[,] . . . every federal court of appeals to confront this issue has held that the acquisition of CSLI from a third-party service provider is not a Fourth Amendment search."). The court in *Rosario* went on to note that "[d]istrict courts within the Seventh Circuit to consider this issue have likewise concluded that the acquisition of CSLI is not a Fourth Amendment search." *Id*. (citations omitted). Thus, because the government obtained Defendant's CSLI in a manner it believed at the time was constitutional, the good-faith exception to the exclusionary rule would likely apply to any motion to suppress. Defendant, therefore, cannot demonstrate prejudice, so this basis for relief is denied.

According to Defendant, counsel was also ineffective for having failed generally to argue the unreasonableness of his sentence and, specifically, that the sentence proposed by the government would result in an unwarranted sentencing disparity as compared to similarly-situated defendants. Defendant's arguments have no merit. Counsel challenged practically every sentencing enhancement, and sought a guidelines range of 33-41 months' imprisonment based in part on the purported need to avoid unwarranted sentencing disparities. (*United States v. Lewisbey*, 12 CR 354 (N.D. Ill.), Dkt. ## 239, 241.) Counsel's performance with respect to Defendant's sentencing was not deficient.

Defendant states at least twice in his motion that counsel was not fully focused on Defendant's case because he was "distracted" by his own criminal case. But Defendant was

admonished about the possible conflict of interest and expressly waived any conflict. *Lewisbey*, 843 F.3d at 656-67. Defendant sought new counsel only after his trial was over, when he was informed of a separate criminal proceeding against his lawyer. *Id.* Thus, any argument that trial counsel was ineffective due to a conflict of interest is unavailing. Nor is Defendant's assertion that the cumulative effect of counsel's errors entitles him to relief persuasive given that the Court has concluded that even considered individually, none of the bases asserted by Defendant demonstrate that counsel's performance was so deficient as to be objectively unreasonable under prevailing professional norms. In any event, Defendant has not shown prejudice, given that "[t]he record contains prodigious evidence of [his] guilt." *Lewisbey*, 843 F.3d at 660.

Finally, Defendant challenges his representation on appeal, arguing that counsel failed to confer with him, did not raise cognizable issues on appeal, and argued only frivolous issues, which counsel knew had "no appellate value." (Def.'s Mem. & Br. Supp., Dkt. # 3, at 30.) "Appellate ineffective-assistance claims require the reviewing court to look at the issue that appellate counsel failed to raise, and determine whether that issue was 'obvious and clearly stronger' than issues that appellate counsel did raise." *Walker v. Griffin*, 835 F.3d 705, 709 (7th Cir. 2016) (citation omitted). Defendant appears to contend that appellate counsel did not sufficiently challenge trial counsel's deficiencies. However, the Court has concluded that none of trial counsel's purported deficiencies have merit; thus, Defendant fails to establish a "reasonable probability that the issues appellate counsel did not raise would have changed the outcome of his appeal." *Miller v. United States*, No. 16 C 4387, 2018 WL 3973536, at *11 (N.D. Ill. Aug. 20, 2018).

**Conclusion**

For the reasons stated above, Defendant's § 2255 motion is denied. Under 28 U.S.C. § 2253(c)(2), a petitioner does not have the absolute right to appeal a district court's denial of his § 2255 motion; instead, he must first request a certificate of appealability. *See Miller-El v. Cockrell*, 537 U.S. 322, 335 (2003). A petitioner is entitled to a certificate of appealability only if he can make a substantial showing of the denial of a constitutional right. *Stechauner v. Smith*, 852 F.3d 708, 718 (7th Cir. 2017). Under this standard, Defendant must demonstrate that "'reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.'" *Miller-El*, 537 U.S. at 336 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Defendant has failed to make such a showing; therefore, the Court declines to issue a certificate of appealability.

**Date**: September 26, 2018

**Ronald A. Guzmán**
**United States District Judge**